IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                          Criminal No. 6:14-cr-60011-SOH-MEF
                            Civil No. 6:17-cv-06012-SOH-MEF

NICHOLAS TOLERSON                                     DEFENDANT/PETITIONER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Defendant/Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody filed January 23, 2017.  (Doc. 77)

The United States filed its response on February 23, 2017.  (Doc. 81)  Petitioner filed a reply on

April 17, 2017.  (Doc. 82)  The matter is ready for report and recommendation.

### I. Background

Defendant/Petitioner, Nicholas Tolerson ("Tolerson"), was named in an Indictment issued

on May 7, 2014, charging him with aiding and abetting in a bank robbery by force, violence or

intimidation, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2.  (Doc. 1)  Tolerson was arrested

on May 13, 2014, in the Eastern District of Arkansas, and Rule 5 documents were received by this

Court on May 19, 2014.  (Docs. 8, 25)  Tolerson was brought before the Hon. Barry A. Bryant, U.S.

Magistrate Judge, on May 27, 2014 for arraignment, at which time Tolerson entered a plea of not

guilty to the Indictment.  (Doc. 20)  Tolerson was initially represented by retained counsel, Brice R.

White.  (Doc. 17)  Mr. White was subsequently permitted to withdraw (Docs. 33, 36), and on

December 12, 2014, Ms. Tiffany Fields, an Assistant Federal Public Defender for the Western

District of Arkansas,  was appointed to represent Tolerson.  (Doc. 39)

-1-

On March 18, 2015, Tolerson appeared with counsel before the Hon. Susan O. Hickey, U.S. District Judge, for a change of plea hearing. (Doc. 42) A written Plea Agreement was presented to the Court wherein Tolerson agreed to plead guilty to the one-count Indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). (Doc. 43, ¶ 1) The Court reviewed the Plea Agreement with Tolerson, advising him of his rights and the maximum penalties, and Tolerson entered a plea of guilty to the Indictment. (Doc. 42) Sentencing was deferred pending preparation of a presentence investigation report ("PSR"). (Id.)

An initial PSR was prepared by the United States Probation Office on May 28, 2015. (Doc. 49) No objections to the PSR were made by the United States. (Doc. 51) Tolerson made two objections to the PSR on June 29, 2015: (1) to the two-point enhancement for obstruction of justice; and, (2) based upon his first objection, to the total offense level and Guideline range. (Doc. 53) U.S. Probation rejected Tolerson's objections, and a final PSR was submitted on July 2, 2015. (Doc. 54)

The Sentencing Guidelines provide for a base offense level of 20 for the offense of conviction. (Doc. 54, ¶ 14) Since the property of a financial institution was taken, a two-level specific offense characteristics enhancement was applied. (Doc. 54, ¶ 15) For recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, a two-level enhancement for obstruction was justice was also applied. (Doc. 54, ¶ 18) After a three-level reduction for acceptance of responsibility, Tolerson's total offense level was determined to be 21. (Doc. 52, ¶¶ 21-23) Tolerson's criminal history resulted in a criminal history score of 16, placing him in Criminal History Category VI. (Doc. 54, ¶ 36) The statutory range for the offense of conviction provided for a maximum term of imprisonment of 20 years. (Doc. 54, ¶ 52) Tolerson's advisory Guideline range was determined to be 77 to 96 months

-2-

imprisonment.  (Doc. 54, ¶ 53)

Tolerson appeared with his counsel for sentencing on February 2, 2016.  (Doc. 70)  The Court made inquiry that Tolerson was satisfied with his counsel; it was determined that Tolerson and his counsel had the opportunity to read and discuss the PSR; the PSR was reviewed in open court; both the United States and Tolerson's counsel were afforded the opportunity to make a statement to the Court; Tolerson was afforded the opportunity to present information in mitigation of sentence; and, the Court imposed a low-end Guidelines sentence of 77 months imprisonment, three years of supervised release, restitution of $1,635.00, and a $100.00 special assessment.  (Doc. 70)  Tolerson was advised of his appeal rights. (Doc. 70, p. 2)  Judgment was entered by the Court on February 3, 2016.  (Doc. 71)  Tolerson did not pursue a direct appeal from the Judgment.

On January 23, 2017, Tolerson filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion").  (Doc. 77)  The motion asserts one ground for relief: that "the sentence imposed violates the petitioner's constitutional rights to due process," citing *Molina-Martinez v. United States*, 136 S.Ct. 1338, 194 L.Ed.2d 444 (2016), *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Peugh v. United States*, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013).  (Doc. 77, p. 4)  More specifically, Tolerson alleged that his criminal history points had been miscalculated, thereby causing his sentence to be miscalculated.  (Doc. 78, pp. 3-8)

The United States filed a response to the motion on February 23, 2017.  (Doc. 81)  In it, the Government contends that Tolerson's claims have been procedurally defaulted, that his Guidelines miscalculation claim is not cognizable in a § 2255 motion, and that his criminal history score was properly calculated.  (Id.)  Tolerson filed a reply on April 17, 2017.  (Doc. 82)

-3-

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A thorough review of Tolerson's motion and the files and records of this case conclusively shows that Tolerson is not entitled to relief, and the undersigned recommends the denial and dismissal of his motion with prejudice without an evidentiary hearing.

### A. Procedural Default

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (internal citations omitted). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

-4-

The circumstances under which a guilty plea may be attacked on collateral review are strictly limited, and "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review *only* if first challenged on direct review, as "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted). "[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Id*.

In this case, Tolerson did not pursue any relief on direct appeal. He could have challenged on appeal that his criminal history score, and the resulting Guidelines range, was miscalculated. He did not. By failing to appeal, Tolerson procedurally defaulted the Guidelines claim he now raises. *See, e.g., Dejan v. United States*, 208 F.3d 682, 685 (8th Cir. 2000) (failure to challenge validity of guilty plea on appeal barred claim in § 2255 proceeding); *Swedzinski v. United States*, 160 F.3d 498, 500 (8th Cir. 1998) (failure to object to jury instruction and pursue appeal procedurally defaulted claim); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997) (the failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in § 2255 motion). This procedural default may be excused only if a movant "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Matthews*, 114 F.3d at 113 (quoting *Bousley v. Brooks*, 97 F.3d 284, 287 (8th Cir. 1996)); *Apfel*, 97 F.3d at 1076; and, *Frady*, 456 U.S. at 167-68.

"For cause to exist, the external impediment, whether it be governmental interference or the

reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Tolerson makes no such showing here. He fails to allege or demonstrate how the factual or legal basis for his Guidelines miscalculation claim was not reasonably available to him in time to pursue relief on direct appeal. The calculation of his criminal history score was set forth in the initial PSR prepared on May 28, 2015. (Doc. 54, pp. 6-9) Tolerson was, therefore, clearly informed of the calculation of his criminal history score in time to raise the issue at sentencing and pursue relief on direct appeal. While he made an objection to the two-level enhancement for obstruction of justice, Tolerson did not object to the alleged miscalculation of his criminal history score. (Doc. 53) "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *See United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)). Further, there is no assertion by Tolerson that interference by government officials, or some other external impediment, prevented him from raising his Guidelines miscalculation claim at sentencing or on direct appeal.

Since Tolerson has not shown adequate cause to overcome the procedural bar in his case, the Court need not consider the issue of actual prejudice. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998) (citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Even so, Tolerson has failed to demonstrate any prejudice.

Tolerson relies on *Molina-Martinez, supra*, for the proposition that when a defendant is sentenced under an incorrect Guidelines range, the error can be sufficient to show a reasonable probability of a different outcome absent the error. (Doc. 78, pp. 5-6) First, as discussed below, Tolerson's criminal history score was correctly calculated, so the advisory Guidelines sentence range

relied on by the Court at sentencing was correct. Next, *Molina-Martinez* concerned review of a Guidelines calculation on direct appeal, and many courts have subsequently held that its ruling does not apply retroactively to cases on collateral review. *See United States v. Porter*, 2016 WL 5818612, at *1 (W.D.La. Oct. 4, 2016) (*Molina-Martinez* did not recognize a new right that can be applied retroactively in a habeas corpus petition); *Ramirez v. United States*, 2017 WL 44853, at *4 (S.D.N.Y. Jan. 3, 2017) (rule in *Molina-Martinez* has not been made retroactive on collateral review); *Lohman v. United States*, 2016 WL 5080157, at *2 (N.D.Tx. Sept. 16, 2016) (*Molina-Martinez* provides movant no jurisdictional footing from which to launch a successive collateral attack on his sentence); and, *United States v. Hoyt*, 2016 WL 3884707, at *2 (W.D.Va. Jul. 13, 2016) (*Molina-Martinez* does not recognize new right applicable retroactively to cases on collateral review). Accordingly, Tolerson's reliance on *Molina-Martinez* is misplaced.

Having failed to demonstrate "cause and prejudice" or a "miscarriage of justice" to overcome the procedural default of the Guidelines miscalculation claim he now asserts, Tolerson's § 2255 motion should be dismissed.

**B. Tolerson's Guidelines Miscalculation Claim is Not Cognizable Under § 2255**

Tolerson seeks relief because he contends a miscalculation of his criminal history score resulted in a miscalculation of his advisory Guidelines sentence range and the imposition of an incorrect sentence. (Doc. 78, pp. 3-8) In addition to asserting that Tolerson's claim is procedurally defaulted, the United States also contends that Tolerson's Guidelines claim is not cognizable under 28 U.S.C. § 2255. (Doc. 81, pp. 7-9) The United States is correct.

Federal habeas relief is limited to cases where the sentence was imposed in violation of the Constitution or laws of the United States; the court was without jurisdiction to impose such sentence;

the sentence was in excess of the maximum authorized by law; or, where the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief is available only if a prisoner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice," an error that "present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (internal citation omitted); *see also, United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (applying standard). Tolerson's Guidelines miscalculation claim does not meet that standard.

In the sentencing context, a "miscarriage of justice" is cognizable under § 2255 only when the sentence is imposed without, or in excess of, statutory authority. *Sun Bear v. United States*, 644 F.3d 700, 705-06 (8th Cir. 2011 (en banc). Thus, allegations of Guidelines errors are not cognizable under § 2255 unless the sentence imposed exceeds the statutory maximum. Garden-variety Guidelines application issues, such as Tolerson presents, are not cognizable. *Id*. at 708. Absent some Constitutional violation, the Eighth Circuit has held that a sentence within the statutory range cannot be challenged pursuant to § 2255. *Id*. at 706. Tolerson's 77-month sentence, imposed at the bottom of his advisory Guidelines range, is well within the 20-year statutory maximum for his offense of conviction.

Tolerson has not established that a fundamental defect or error at sentencing resulted in a complete miscarriage of justice in his case. The sentence imposed was well within the statutory range for the offense of conviction; and, Tolerson's claim that the Guidelines were misapplied, resulting in a miscalculation of his criminal history score, cannot be raised pursuant to § 2255.

### C. Tolerson's Criminal History Was Correctly Calculated

Even if the Court were to consider the merits of Tolerson's argument, it lacks merit. His

criminal history score was properly calculated.

Tolerson contends that he should not have received three criminal history points for each of his prior felony convictions reported in paragraphs 28, 29, and 30 of the PSR. (Doc. 78, pp. 4-5) Tolerson's argument is based upon the fact that he was sentenced on the same date in each of the three cases following probation revocations stemming from a single arrest for another offense. (Doc. 78, p. 5) His claim ignores U.S.S.G. § 4A1.2 which requires his three prior convictions and sentences to be treated separately.

The three prior convictions at issue arose from arrests made on October 5, 2006 (Doc. 54, ¶ 28), October 21, 2006 (Doc. 54, ¶ 29), and March 1, 2007 (Doc. 54, ¶ 30). Tolerson made no objections to these prior convictions in the PSR, and it is clear that the prior convictions were for offenses all separated by intervening arrests. Tolerson mistakenly believes that his arrest for Criminal Attempt on October 21, 2008 (Doc. 54, ¶ 31), which led to probation revocations in each of his three prior cases, transformed those three prior convictions into a single sentence. Contrary to Tolerson's argument, "[u]nder the guidelines ... an intervening arrest ends the inquiry." *United States v. Simms*, 695 F.3d 863, 865 (8th Cir. 2012) (quoting *United States v. Crippen*, 627 F.3d 1056, 1066 (8th Cir. 2010), *cert. denied*, 563 U.S. 1013, 131 S.Ct. 2914, 179 L.Ed.2d 1256 (2011)). Additionally, it has long been held in the Eighth Circuit that a defendant's unrelated prior convictions do not become related for purposes of the Sentencing Guidelines when probation on the prior convictions is revoked and the defendant is ordered to serve original terms of imprisonment concurrently. *See, e.g., United States v. Jones*, 87 F.3d 247, 248 (8th Cir. 1996).

U.S.S.G. § 4A1.2(k)(1) provides, "[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, *add the original term of imprisonment to*

-9-

*any term of imprisonment imposed upon revocation*." (Emphasis added.) First, Tolerson was originally sentenced to 120 days in jail and five years probation for his October 5, 2006 arrest and subsequent conviction, but upon revocation of his probation he was sentenced on November 30, 2009 to five years imprisonment with three years suspended. (Doc. 54, ¶ 28) Second, Tolerson was originally sentenced to five years probation for his October 21, 2006 arrest and subsequent conviction, however, revocation of his probation resulted in a sentence of five years imprisonment with three years suspended. (Doc. 54, ¶ 29) Third, Tolerson was originally sentenced to 10 days in jail and five years probation for his March 1, 2007 arrest and subsequent conviction, but upon revocation of his probation he was sentenced to three years imprisonment with one year suspended. (Doc. 54, ¶ 30) The total length of each original sentence, when added to the sentence imposed upon revocation, exceeded one year and one month, so three criminal history points were correctly assessed for each of Tolerson's three revocation sentences pursuant to U.S.S.G. § 4A1.1(a).

Finally, Application Note 11 to U.S.S.G. § 4A1.2(k)(1) instructs that if, "at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation." On November 30, 2009, Tolerson was sentenced to a term of three years imprisonment with one year suspended for the felony offense that triggered the revocations in his three earlier cases. (Doc. 54, ¶ 31) Three criminal history points were properly assessed for that prior conviction.

Accordingly, the three prior convictions reported in paragraphs 28-30 of the PSR were properly counted separately and assessed three points each. It was also correct to consider Tolerson's November 30, 2009 conviction separately and to assess three points for it. There was no error or miscalculation of Tolerson's criminal history score.

-10-

### D.  No Evidentiary Hearing is Warranted

A petitioner is entitled to an evidentiary hearing on a habeas motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief.  *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005) (citing 28 U.S.C. § 2255).  No evidentiary hearing is required, "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007); *Anjulo-Lopez v. U.S.*, 541 F.3d 814, 817 (8th Cir. 2008).  Those are the circumstances in this case.  Resolution of Tolerson's claim can be accomplished by reviewing the record and applicable law.  A thorough review of Tolerson's § 2255 motion, the files and records of this case, and applicable law, shows that Tolerson is not entitled to relief.  Accordingly, I recommend the summary dismissal of Tolerson's § 2255 motion without an evidentiary hearing.

### E.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C. § 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present.  *See Slack v. McDaniel*, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

For the reasons discussed above, I conclude that Tolerson has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III.  Conclusion

I recommend that Tolerson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (Doc. 77) be **DISMISSED with PREJUDICE**.

I further recommend that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of May, 2017.

/s/ *Mark E. Ford*

HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-12-